## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAURA L. ZIENCIK,
    Appellant,

    v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
PH-0831-17-0327-I-1

DATE: March 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Laura L. Ziencik</u>, Berlin, Maryland, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which found that she was not entitled to survivor benefits under the Civil Service

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

Retirement System (CSRS).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        We agree with the administrative judge's conclusion in the initial decision that the appellant failed to meet her burden of proving by preponderant evidence that she was entitled to survivor benefits under the CSRS.[3] *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (finding that the burden of proving entitlement to a survivor annuity is on the applicant for benefits); Initial Appeal File (IAF), Tab 6, Initial Decision (ID).  Specifically, the appellant did not demonstrate that her now-deceased husband's income was below the earning limitation amount when the Office of Personnel Management (OPM) terminated his disability retirement annuity for regaining earning capacity, nor did she prove that this annuity was reinstated prior to his death.  ID at 4-5; *see White v. Office of Personnel Management*, 72 M.S.P.R. 672, 674-75 (1996) (finding that a widow of a disability annuitant was not entitled to a survivor

---

[3] Preponderant evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

annuity, as the annuitant regained earning capacity but died before having his disability annuity reinstated).  Relatedly, the appellant's husband did not file for a deferred retirement annuity when he became eligible at age 62, nor was he receiving any other benefit under the CSRS at the time of his death.  ID at 2-3; IAF, Tab 4 at 4-5; *see Dickerson v. Office of Personnel Management*, 47 M.S.P.R. 109, 111, 113-14 (1991) (holding that the appellant was not entitled to a survivor annuity, as her former husband, who retired on a disability annuity and recovered, had not filed for his deferred annuity and was not receiving payments under the CSRS when he died).  Lastly, there were no retirement deductions left in her husband's account, meaning there was no lump sum payment to be made by OPM to the appellant, as the survivor, after her husband's death.  IAF, Tab 4 at 7, 9; *see* 5 U.S.C. § 8342(d); *Narvasa v. Office of Personnel Management*, 47 M.S.P.R. 152, 154 (1991).

¶3      The appellant alleges on review that she had power of attorney for her husband and could have signed an application for reinstatement of his annuity when he was unable.  Petition for Review (PFR) File, Tab 1 at 4.  The appellant did not raise this argument during the adjudication of her appeal before the administrative judge.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  There has been no showing of these circumstances here; thus, we need not consider the appellant's argument.  Notwithstanding, as the initial decision concludes, the appellant failed to meet her burden of proving that her husband was ever eligible for and applied for reinstatement of his disability annuity after its termination in 2006.  ID at 4-5.  The appellant now claiming that she possessed power of attorney for him does not alter this outcome.  Moreover, the appellant cannot now make an election for survivor benefits on behalf of her late husband.  *See Diehl v. Office of Personnel Management*, 50 M.S.P.R. 519, 522 (1991) (holding that no

election for a survivor annuity can be made after the death of the Federal employee).

¶4    On review, the appellant also claims that her husband had his annuity reinstated before he died and took less of an amount to provide for her. PFR File, Tab 1 at 4. This is the same argument that the appellant set forth during her initial appeal and which the administrative judge found that she failed to prove. ID at 5; IAF, Tab 1 at 5. The appellant has not provided any evidence to support her argument, and there is no basis to overturn the initial decision.

¶5    The appellant also states on review that as the Federal employee's wife for 36 years, she is entitled to his annuity. PFR File, Tab 1 at 4. However, the appellant's deceased husband was not receiving an annuity at the time of his death. IAF, Tab 4 at 4-5. It is well settled that the requirements for eligibility for a retirement benefit are substantive legal requirements, meaning there is no room for administrative discretion from OPM or the Board. *Oliveros v. Office of Personnel Management*, 49 M.S.P.R. 360, 363 (1991), *appeal dismissed*, 965 F.2d 1064 (Fed. Cir. 1992) (Table); *see Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (holding that a Government employee's erroneous advice to a claimant for benefits did not entitle that claimant to benefits he otherwise would not have received, despite the claimant's detrimental reliance on that mistaken advice). While we are sympathetic to the appellant's situation, she has not proven that she was entitled to a CSRS benefit pursuant to any law or regulation.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.